Jimmie C. SMITH, Appellant–Plaintiff,

v.

CHAMPION TRUCKING CO., INC., Appellee–Defendant.

No. 93A02–0808–EX–701.

Court of Appeals of Indiana.

Feb. 25, 2009.

Paul A. Brizendine, Brizendine Law Office, LLC, Floyds Knobs, IN, Attorney for Appellant.

Timothy W. Wiseman, Scopelitis Garvin Light Hanson & Feary, Indianapolis, IN, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Jimmie C. Smith ("Smith") appeals the dismissal of his Application for Adjustment of Claim with the Indiana Worker's Com-

pensation Board ("Board"). We reverse and remand.

### Issue

The sole issue presented is whether Smith's worker's compensation application was properly dismissed pursuant to the subrogation portion of the Indiana Worker's Compensation Act ("the Act"), Indiana Code Section 22–3–2–13, after Smith settled his claim against a third-party tortfeasor.

### Facts and Procedural History

On August 13, 2003, Smith was driving a tractor-trailer in the course of his employment with Champion Trucking Co., Inc. ("Champion") when the trailer was struck by Jeremy Bittner's ("Bittner") vehicle. Smith sustained neck and back injuries, but continued reporting to work without interruption. Thus, Champion paid no temporary total disability benefits, although it paid $4,342.32 in medical benefits.

On January 10, 2005, Smith filed an Application for Adjustment of Claim with the Board asserting an inability to work and claiming additional worker's compensation benefits. Smith also pursued a civil lawsuit against Bittner. On July 6, 2005, Champion served written notice upon Smith's attorney that Champion had a worker's compensation lien in the amount of $4,342.32 against any recovery from Bittner.

On July 22, 2005, Smith signed a release of Bittner and his insurer in exchange for the sum of $10,342.00. Champion's lien for $4,342.32, less 25% for a statutory share of attorney's fees, was satisfied.[1] After some disbursement to Smith, estimated at

---

1. Indiana Code Section 22–3–2–13 provides that the employer or its worker's compensation carrier shall pay the attorney selected by the employee a fee of 25%, if collected without suit, or 33 1/3%, if collected with suit, of the benefits repaid.

$3,000, the remaining proceeds were placed in an escrow account.

On August 16, 2005, Smith was evaluated by neurosurgeon Dr. David Changaris, who opined that Smith had a 19% whole body impairment rating, which would expectably entitle him to additional worker's compensation benefits of $26,500.

On March 1, 2006, Champion filed its Motion to Dismiss, contending that the settlement with Bittner terminated Smith's right to further worker's compensation benefits from Champion, pursuant to Indiana Code Section 22-3-2-13. The Single Hearing Member granted the motion. On September 11, 2006, Smith appealed the dismissal ruling to the Full Board. The Full Board heard arguments of counsel on December 12, 2006 and remanded the case for a hearing on the merits. A hearing was conducted on May 31, 2007. Post-hearing briefs were submitted. Smith's claim was dismissed and he timely appealed to the Full Board. On July 25, 2008, the Full Board affirmed and adopted the Single Hearing Member's decision. This appeal ensued.

### Discussion and Decision

The relevant facts are not disputed. Smith raises a question of law. Accordingly, our review is de novo. *DePuy, Inc. v. Farmer*, 847 N.E.2d 160, 164 (Ind. 2006). The purpose of the Act is to shift the economic burden of a work-related injury from the injured employee to the industry and the consuming public. *Id.* at 170. Worker's compensation is for the benefit of the employee and the Act should be liberally construed so as to not negate the Act's humane purposes. *Id.*

The parties disagree as to whether the "absolute bar" provisions of Indiana Code Section 22-3-2-13 are applicable here. This subrogation statute provides in relevant part:

Whenever an injury or death, for which compensation is payable under chapters 2 through 6 of this article shall have been sustained under circumstances creating in some other person than the employer and not in the same employ a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, may commence legal proceedings against the other person to recover damages notwithstanding the employer's or the employer's compensation insurance carrier's payment of or liability to pay compensation under chapters 2 through 6 of this article. In that case, however, if the action against the other person is brought by the injured employee or his dependents and judgment is obtained and paid, and accepted *or settlement is made with the other person,* either with or without suit, then from the amount received by the employee or dependents there shall be paid to the employer or the employer's compensation insurance carrier, subject to its paying its pro-rata share of the reasonable and necessary costs and expenses of asserting the third party claim, the amount of compensation paid to the employee or dependents, plus the medical, surgical, hospital and nurses' services and supplies and burial expenses paid by the employer or the employer's compensation insurance carrier *and the liability of the employer or the employer's compensation insurance carrier to pay further compensation or other expenses shall thereupon terminate,* whether or not one (1) or all of the dependents are entitled to share in the proceeds of the settlement or recovery and whether or not one (1) or all of the dependents could have maintained the action or claim for wrongful death.

(emphasis added.) Smith contends that the foregoing is inapplicable to him because his circumstances present an issue that has not been squarely decided: "whether a third party settlement bars worker's compensation benefits where the settlement is obtained before a worker's compensation award has been resolved, and is in an amount less than the anticipated worker's compensation benefit." Appellant's Brief at 8. He supports his argument by referencing *DePuy, Inc.*, in which our Supreme Court observed that an employee who obtains a "final judgment" against a third party for less than the amount of the employer's liability under the Act may nevertheless collect worker's compensation benefits by collecting the judgment and repaying the employer (or employer's insurer) for previous compensation or assigning all rights under the judgment to the employer. 847 N.E.2d at 166. With regard to a third-party settlement as opposed to a judgment, the Court stated:

> No third party tortfeasor case has squarely addressed the situation we have before us where a tort claim was settled for less than the apparent worker's compensation benefits before the worker's compensation claim was resolved.... The general rule that a third party settlement bars worker's compensation benefits has been recited in these other settlement contexts. We assume without deciding that DePuy is correct in claiming that this rule, announced over thirty years ago as a matter of statutory interpretation, remains the law as to claims against third parties. Whether that rule applies where the settlement is obtained before a worker's compensation award has been resolved, and is in an amount less than the antici-

pated worker's compensation benefit is an open question that we need not resolve here.

847 N.E.2d at 168. Thus, Smith correctly observes that there may be some potential, in furtherance of the humane purposes of the Act, for some supplemental payment from an employer after the injured employee has recovered from a third-party tortfeasor an amount less than the "apparent worker's compensation benefits" before the worker's compensation claim was resolved. *See id.*

Champion asserts that Smith forfeited any right to worker's compensation when he settled without having already obtained the 19% impairment rating. Nevertheless, Smith had a pending Application for Adjustment of Claim when he settled with Bittner and when he obtained his 19% impairment rating after settlement. Accordingly, his worker's compensation claim was not resolved.

Champion further asserts that it was not a party to the settlement and, if Smith were permitted to settle a third-party claim and then make additional demands for benefits, based upon later-obtained information, Champion's rights to lien satisfaction would not be protected. However, this is contrary to the plain language of our Indiana Supreme Court in *DePuy:* "if an employee settles without the approval of the employer (or its carrier) the employer (or its carrier) is free to challenge the amount received as inadequate." 847 N.E.2d at 169–70. Under the current circumstances, Champion did not contest the adequacy of the settlement even though it was aware of the third-party claim, asserted its statutory lien and accepted payment from the settlement proceeds. Champion cannot now be heard to complain.[2]

---

**2.** While not germane to the issue before us, it is worth noting that there are a variety of

reasons why a settlement or judgment might produce an amount of compensation less than

Mindful that the Act should be liberally construed "so as to not negate the Act's humane purposes" we conclude that Smith should be allowed to proceed with his worker's compensation claim that was pending at the time of the settlement.

Reversed and remanded for further proceedings.

MATHIAS, J., and BARNES, J., concur.

that which is available under the worker's compensation laws (for example, liability issues, insurance policy limits, or insolvency of a third-party or insurer).